

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

**JUL 25** 2006

CLERK, U.S. DISTRICT COURT
By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

7 - 0 6 C V - 1 2 1 - R

| | | |
|---|---|---|
| SUSAN HARRISON, et al., | : | CASE NO.: _____ |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | |
| THE PROCTER & GAMBLE | : | |
| COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

---

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF TEXAS, WICHITA FALLS DIVISION:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446,

Defendant The Procter & Gamble Company ("Procter & Gamble") removes to this Court the

state court action described below ("Harrison Action"). Removal of the Harrison Action to this

Court is proper for the following reasons:

PROCEDURAL HISTORY

1.      On June 2, 2006, Plaintiffs in the Harrison Action, Susan Harrison,

William G. Harrison III, individually and in his capacity as trustee for the Harrison Family Trust

and Emily Waldrip Trust, Cindy Nosser, Kathy Allen, Pat Allen, Tina Harrison, W.G. Harrison

IV, Larry Luxenberg, and John Shelton ("Plaintiffs"), filed a Petition against Procter & Gamble

in the 89th District Court for Wichita County, Texas, styled Susan Harrison, et al. v. The Procter

& Gamble Company, et al., Cause No. 164,474-C (filed June 2, 2006).

2.      While Procter & Gamble has received a courtesy copy of the Petition from

Plaintiffs, the Petition has not been formally served on Procter & Gamble.  Removal is permitted

once the Petition is filed, even if it is not formally served.  Delgado, et al. v. Shell Oil Co., 231

F.3d 165, 177 (5th Cir. 2000) (While the commencement of an action is a prerequisite to removal

under 28 U.S.C. § 1446(b), service is not.).  Therefore, this Notice of Removal is being filed

within the thirty-day time period prescribed by 28 U.S.C. § 1446(b).  Accurate copies of all

process, pleadings, and orders in the Harrison Action (including the Petition) are attached to this

Notice as Exhibit A.

GROUNDS FOR REMOVAL

3.      The Harrison Action is properly removed to this Court under 28 U.S.C.

§ 1441(a) because this Court has original jurisdiction of the Harrison Action under 28 U.S.C.

§ 1332(a)(1) (diversity jurisdiction), and because this Court sits in the district and division

embracing the place where the Harrison Action is pending.

4.      The Harrison Action involves a dispute that is wholly between citizens of

different states, in that:  (a) at the time of the commencement of the Harrison Action and at the

time of filing this Notice of Removal, upon information and belief, Plaintiffs are and were

citizens of the States of Texas and Nevada because they reside in those states; and (b) at the time

of the commencement of the Harrison Action and at the time of filing of this Notice of Removal,

Procter & Gamble is and was a corporation incorporated in the State of Ohio, with its principal

place of business in the State of Ohio, Defendant Taft, Stettinius & Hollister LLP (the "Taft

firm") is and was a limited liability partnership organized in the State of Ohio, with its principal

place of business in the State of Ohio, and Defendant Thomas E. Grossmann is and was a citizen

of the State of Ohio as he resides in Ohio.  None of the Defendants are citizens of the State of

Texas.

5.      A fair reading of the Petition demonstrates that Plaintiffs are seeking unspecified damages that, if proven, will exceed seventy-five thousand dollars ($75,000) exclusive of interest and costs. Plaintiffs have alleged that they "could earn up to an additional $12 million subsequent to the closing of the transaction" (Petition, ¶ 5.4), but that as a result of the actions of Procter & Gamble, the Taft firm, and Mr. Grossmann, Plaintiffs have been damaged as they have been prevented "from earning the additional compensation due them pursuant to the terms of the Contract." Id. at ¶ 5.6. Therefore, a fair reading of Plaintiffs' Petition shows that Plaintiffs' claimed damages that, if proved, will exceed $75,000 exclusive of interest and costs. The amount in controversy requirement 137 28 U.S.C. § 1332(a) is satisfied.

6.      An accurate copy of this Notice of Removal is being filed with the District Clerk for Wichita County, Texas, and written notice of the filing of this Notice of Removal is being given to Plaintiffs as required by 28 U.S.C. § 1446(d).

For these reasons, the Harrison Action is properly removed to this Court.

Respectfully submitted,

OF COUNSEL:

D. Jeffrey Ireland
Brian D. Wright
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3710
Telecopier: (937) 227-3717
E-mail: djireland@ficlaw.com

Stephen Briley, SB# 20993600
BANNER, BRILEY & WHITE, L.L.P.
4245 Kemp Boulevard
Bank One Tower, Suite 200
Wichita Falls, TX 76308
Telephone:   (940) 692-5000
Telecopier:   (940) 692-8200
E-mail:  sbriley@wf.net

Attorneys for Defendants
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served via

Federal Express upon the following counsel of record, this 25 th day of July, 2006:

> Robert L. Chaiken
> Kenneth B. Chaiken
> Greg S. Gober
> CHAIKEN & CHAIKEN, P.C.
> One Galleria Tower
> 13355 Noel Road, Suite 600
> Dallas, Texas  75240
>
> Attorneys for Plaintiffs
>
>
> George D. Molinsky
> TAFT, STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, OH  45202-3957
>
> and
>
> Thomas E. Grossmann
> TAFT, STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, OH  45202-3957

Stephen Briley

170526.1

CAUSE NO. *164,474-C*

| | |
|---|---|
| SUSAN HARRISON; WILLIAM G. § | IN THE DISTRICT COURT |
| HARRISON, III INDIVIDUALLY AND § | 89TH DISTRICT COURT |
| IN HIS CAPACITY AS TRUSTEE FOR § | |
| THE HARRISON FAMILY TRUST; § | |
| CINDY NOSSER; KATHY ALLEN; § | |
| PAT ALLEN; TINA HARRISON; W.G. § | FILED FOR RECORD |
| HARRISON, IV; LARRY § | AT: 2:25 O'Clock ___ M |
| LUXENBERG; JOHN SHELTON; and § | JUN 2 2006 |
| WILLIAM G. HARRISON, III IN HIS § | |
| CAPACITY AS TRUSTEE FOR THE § | DORSEY R. TRAPP, Clerk Dist. |
| EMILY WALDRUP TRUST; § | Courts & County Courts at Law |
| § | Wichita County, Texas |
| Plaintiffs, § | By _____ |
| § | Deputy |
| v. § | WICHITA COUNTY, TEXAS |
| § | |
| THE PROCTOR & GAMBLE § | |
| COMPANY; TAFT, STETTINIUS § | |
| & HOLLISTER LLP; and § | |
| THOMAS E. GROSSMAN. § | |
| Defendants. § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE:

SUSAN HARRISON, WILLIAM G. HARRISON, III INDIVIDUALLY AND IN HIS

CAPACITY AS TRUSTEE FOR THE HARRISON FAMILY TRUST; CINDY NOSSER,

KATHY ALLEN, PAT ALLEN, TINA HARRISON; W.G. HARRISON, IV; LARRY

LUXENBERG, JOHN SHELTON, and WILLIAM G. HARRISON, III IN HIS CAPACITY

AS TRUSTEE FOR THE EMILY WALDRUP TRUST ("Plaintiffs") file this Original Petition

complaining of **The Proctor & Gamble Company ("P&G");** Taft, Stettinius & Hollister LLP

("**Taft Law Firm**") and **Thomas E. Grossman ("Grossman")** (collectively referred to as

"Defendants") and for causes of action respectfully shows as follows:

# I.
## DISCOVERY CONTROL PLAN

1.1     Plaintiffs intend for the discovery in this lawsuit to be conducted under Level 3 as set forth in Rule 190 of the Texas Rules of Civil Procedure.

# II.
## PARTIES

2.1     Plaintiffs are former stockholders in Zooth, Inc. – a Texas Corporation (hereinafter "Zooth"). Zooth maintained its principal place of business in Wichita Falls, Wichita County, Texas. At the time the acts complained of herein occurred, the Plaintiffs were residents of various counties within the State of Texas including Wichita County.

2.2     Defendant The Proctor & Gamble Company (hereinafter "P&G") is a corporation organized under the laws of the State of Ohio. P&G does business worldwide, as well as here in Wichita County, Texas. The Proctor & Gamble Company may be served with process by serving CT Corp System, 350 St. Paul Street, Dallas, Texas 75201 or Steven W. Jemison, Attn: Corporate Secretary, One Proctor & Gamble Plaza, Cincinnati, Ohio 45202.

2.3     Defendant Thomas E. Grossman ("Grossman") is an individual who resides in the State of Ohio. Although Grossman does business within the state of Texas, he does not maintain a regular place of business or a registered agent in Texas. Consequently, he may be served under the Long Arm Statute through the Texas Secretary of State 1019 Brazos Street, Austin, Texas 78701 who shall forward a copy to his mailing address: **Thomas E. Grossman, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202**.

2.4     Defendant Taft, Stettinius & Hollister LLP is a Limited Liability Partnership



organized under the laws of Ohio. Although, Taft, Stettinius & Hollister LLP engages in business in Texas, it does not maintain a registered agent within the State of Texas. Consequently, it may be served may be served with process under the Long Arm Statute through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 who shall forward a copy to Taft, Stettinius & Hollister LLP, Attn: Managing Partner, at its mailing address: **425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202**.

## III.
## JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this matter in that the Plaintiffs are citizens of the State of Texas and the Defendants, as set forth more specifically below, have maintained systematic and continuous contacts with the State of Texas or have committed torts against the Plaintiffs herein in the State of Texas and have otherwise made specific contacts with the State of Texas in connection with the claims made herein such that they have purposely availed themselves to the jurisdiction of the courts of this state and there are sufficient contacts by these Defendants for both specific and general jurisdiction so as to satisfy the requirements of the Due Process Clause of the United States Constitution.

3.2    Wichita County is the county of proper venue in that all or a substantial portion of the events giving rise to this suit occurred in Wichita County, Texas.

## IV.
## CONDITIONS PRECEDENT

4.1    All conditions precedent to the filing of this suit have occurred, will be performed, have been waived or otherwise would be futile such that this suit is properly before this court.

## V.
## BACKGROUND FACTS

5.1     The Plaintiffs are all former stockholders in Zooth which was founded by Plaintiff Susan Harrison in the early 1990's in Wichita Falls, Texas. Zooth started as a small, family run operation with a focus on designing and producing tooth brushes and related dental products for children. Over time, Zooth created strong alliances and licensing arrangements with a host of popular and recognizable children's' characters. By the year 2000, Zooth had built itself up to a position of being a leader in the children's' oral/dentistry market and had become highly regarded for its efficiencies, creativity and increasing market share.

5.2     In the past, various representatives of Gillette, Inc. ("Gillette) a leading multi-national consumer products company had made overtures about their interest and desire to "do something" with Zooth. In the latter part of 2003, the stockholders of Zooth decided to test the market, and conversations with Gillette representatives were commenced. Ultimately, these conversations resulted in Gillette offering to purchase all of the outstanding shares of Zooth for the purpose of continuing to operate Zooth as an ongoing business enterprise.

5.3     The Plaintiff stockholders retained Thomas E. Grossman and his firm – the Taft Law Firm – to represent their interests. Mr. Grossman and other lawyers of the Taft Law Firm visited Texas on a number of occasions in the course of representing Plaintiffs. They communicated constantly with stockholders located in Wichita Falls and performed legal services within and throughout the State of Texas in connection with the Zooth/Gillette transaction.

5.4     Among other responsibilities, Mr. Grossman and the Taft Law Firm had the duty to make sure that all of the Plaintiffs' interests were being addressed and to ensure that all reasonable and prudent measures were undertaken for such a transaction. The final agreement that was

negotiated by Grossman and the Taft Law Firm provided that, in exchange for their shares in Zooth, the Plaintiffs would receive approximately $28 million dollars up front and, depending on the future performance of Zooth, Plaintiffs could earn up to an additional $12 million subsequent to the closing of the transaction.

5.5    The transaction closed on or about June 4, 2004 and a Stock Purchase Agreement (the "Contract") was executed on that date. On or about November 1, 2004, just five months after this sale closed, Gillette announced that it was going to be acquired by P&G. From that point on, the nature of the future performance capabilities of Gillette was altered and diminished and it became impossible for Gillette to fully perform its duties under the contract. Upon taking control of Gillette, P&G, not a party to the Contract, engaged in numerous acts designed to frustrate and otherwise impede Gillette from fully reaching its performance goals under the Contract. P&G closed its merger with Gillette on or about October 1, 2005.

5.6    Plaintiffs bring this suit against P&G on account of its unjustified and unlawful actions in interfering with and preventing Gillette and Plaintiffs from performing under the Contract and otherwise interfering with Plaintiffs' existing contract and/or business relationship with Gillette. Plaintiffs also bring this suit against Grossman and the Taft Law Firm on account of the lawyers' failure to act as reasonably prudent lawyers in failing to undertake appropriate measures to address and ensure that Plaintiffs' interests would be adequately protected in the event of a change in control of Gillette or in the event that Gillette acted to prevent Plaintiffs from earning the additional compensation due them pursuant to the terms of the Contract. The Defendants should be held jointly and severally liable to the Plaintiffs for the damages which have been sustained by the Plaintiffs.

# VI.
## CAUSES OF ACTION

*A.    **Tortious Interference with Contract and Existing Business Relationship by P&G.***

6.1    A contract had been executed by and between the Plaintiffs and Gillette. In addition, as a result of the contract, the Plaintiffs and Gillette had an existing and continuing business relationship.

6.2    Among other things, the Contract provided that the Plaintiffs would receive additional, significant sums which were predicated on the continuing and future performance of Gillette with regard to marketing and selling Zooth products and design portfolio products as defined in the Contract. Gillette was contractually obligated to act in all commercially reasonable ways to facilitate and achieve these performance based incentives.

6.3    Upon announcing its takeover of Gillette and its assumption of Gillette operations, P&G unlawfully and without justification undertook to interfere with and otherwise prevent Gillette and/or Zooth from fully performing under the Contract and thereby damaging the Plaintiffs. Among other things, P&G interfered with the marketing of Zooth products, Gillette's efforts to expand and continue to develop Zooth's products and markets, its stability in the marketplace and its employment of key employees.

6.4    The aforesaid acts and omissions, when viewed objectively, involved an extreme likelihood of economic injury to Plaintiffs which P&G subjectively knew or should have known would occur. Nevertheless, P&G proceeded to act willfully and intentionally with regard to the rights of Plaintiffs such that the Plaintiffs are entitled to an award of exemplary damages against P&G.

**B.**     *Negligence against Grossman and the Taft Law Firm.*

6.5     Grossman and various Taft Law Firm members and lawyers personally delivered or purported to deliver legal representation, services and counsel to Plaintiffs in their individual capacity and as members of the Taft Law Firm. The Taft Law Firm is liable for its own actions in this case and by the theory of respondeat superior on account of the negligent acts of Mr. Grossman and its other employees who acted in this transaction. These Defendants accordingly owed a duty to Plaintiff to properly and competently provide legal representation, services and counsel to Plaintiffs.

6.6.     During the relevant time period, these Defendants committed one or more of the following acts or omissions, which amounted to an act and/or omission which a reasonably prudent law firm would not have done in the same or similar circumstances, proximately causing the occurrences, injuries, and damages complained of herein including but not limited to failing to conduct a thorough due diligence effort, failing to negotiate and draft a proper contract, failing to disclose potential conflicts of interest and failing to otherwise protect the interests of the Plaintiffs.

6.7.     Plaintiffs are entitled to recover from Defendants all actual damages occasioned by their negligence both jointly and severally.

## VII.

## DAMAGES

7.1.     As a direct and proximate cause or result of the tortious conduct described herein, the Plaintiffs have incurred the following damages which they seek to recover jointly and severally from the Defendants, including but not limited to:

A.     All actual economic damages sustained by them as a result of the Defendants' tortious interference and/or negligence;

B.     Exemplary Damages due to P&G's willful and intentional misconduct;

**Plaintiffs' Original Petition**                                                                                                     **Page 7**



C.  A disgorgement of all fees that they have been paid to the Taft Law Firm as well as all actual damages occasioned by their conduct.

## VIII.

## JURY TRIAL

8.1.  Trial by jury is demanded.

## IX.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, based on the foregoing causes of action, Plaintiffs request that Defendants be cited to appear and answer, and at final trial, that they be found jointly and severally liable and that judgment be entered in the Plaintiffs' favor awarding the following:

(a)  Judgment against Defendants, jointly and severally for Plaintiffs' actual damages in an amount within the minimal jurisdictional limits of this Court;

(b)  Judgment against Defendant P&G for exemplary or punitive damages without limitation, in a sum to be determined by the trier of fact;

(c)  Pre-judgment interest at the highest legal rate allowed by law;

(d)  Post-judgment interest at the highest legal rate allowed by law; and

(e)  Such other and further relief at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

**Plaintiffs' Original Petition**
G:\OPEN CASE FILES - LITIGATION\HARRISON - P & G\PLEADINGS\LAWSUIT AGAINST TAFT AND P&G\ORIGINAL PETITION DRAFT.DOC

Page 8

Respectfully submitted,

Robert L. Chaiken
State Bar No. 04057830
Kenneth B. Chaiken
State Bar No. 04057800
Greg S. Gober
State Bar No. 00785916

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
Telephone: (214)265-0250
Telecopy: (214)265-1537

**ATTORNEYS FOR PLAINTIFFS**

**Plaintiffs' Original Petition**
G:\OPEN CASE FILES - LITIGATION\HARRISON - P & G\PLEADINGS\LAWSUIT AGAINST TAFT AND P&G\ORIGINAL PETITION DRAFT.DOC

Page  9

ORIGINAL

# United States District Court
## Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| <u>Court</u> | <u>Case Number</u> |
|---|---|
| District Court of Wichita County, Texas, 89th Judicial District | Cause No. 164,474-C |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| (See attached) | |

3.   **Jury Demand:**

Was a Jury Demand made in State Court?          **X** Yes          • No

If *"Yes,"* by which party and on what date?

<u>Plaintiffs</u>                                        <u>June 2, 2006</u>
Party                                                              Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          • Yes      ⚹ No

If "*Yes,*" by which party and on what date?

_____          _____
Party                                                      Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

        **Party**                                        **Reason(s) for No Service**

(See attached)

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

        **Party**                                        **Reason**

N/A

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

        **Party**                                        **Claim(s)**

(See attached)

## CIVIL COVER SHEET (CONT'D)

**1. (a)   Plaintiffs:**

HARRISON, SUSAN
2606 Harrison Street
Wichita Falls, TX  76308-1344

HARRISON III, WILLIAM G., individually and as a Trustee for the
Harrison Family Trust and The Emily Waldrip Trust
3305 Seymour Road
Wichita Falls, TX  76309-2003

HARRISON, TINA
3305 Seymour Road
Wichita Falls, TX  76309-2003

HARRISON IV, W. G.
3305 Seymour Road
Wichita Falls, TX  76309-2003

ALLEN, KATHY
15405 FM 1730 #1730
Lubbock, TX  79424-6638

ALLEN, PAT
7801 University Avenue
Lubbock, TX  79423-2129

LUXENBERG, LARRY
10365 Sofferto Avenue
Las Vegas, NV 89135-3244

NOSSER, CINDY
2113 Barnett Road
Wichita Falls, TX  76310-5227

and

SHELTON, JOHN
4163 Airport Drive
Wichita Falls, TX  76305-5708

1

**1. (a)   Defendants:**

THE PROCTER & GAMBLE COMPANY
1 Procter & Gamble Plaza
Cincinnati, OH  45202

TAFT, STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202

THOMAS E. GROSSMAN
425 Walnut Street, Suite 1800
Cincinnati, OH  45202

**1. (c) Attorney's (Firm Name, Address, and Telephone Number)**

**For Plaintiffs:**

Robert L. Chaiken (Texas Bar No. 04057830)
Kenneth B. Chaiken (Texas Bar No. 04057800)
Greg S. Gober (Texas Bar No. 00785916)
CHAIKEN & CHAIKEN, P.C.
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, TX  75240
Telephone:  (214) 265-0250
Telecopier:  (214) 265-1537

2

**For Defendants:**

Stephen Briley (Texas Bar No.*02993600*)
BANNER, BRILEY & WHITE, L.L.P.
4245 Kemp Boulevard
Bank One Tower, Suite 200
Wichita Falls, TX  76308
Telephone:  (940) 692-5000
Telecopier:  (940) 692-8200

D. Jeffrey Ireland (Ohio Bar No. 0010443)
Brian D. Wright (Ohio Bar No. 0075359)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3710
Telecopier:  (937) 227-3717

170542.1

**SUPPLEMENTAL CIVIL COVER SHEET FOR CASES REMOVED (CONT'D)**

2.    Style of the Case:

| Party | Party Type | Attorney |
|---|---|---|
| HARRISON, SUSAN | Plaintiff | Robert L. Chaiken |
| HARRISON III, WILLIAM G., individually and as a Trustee for the Harrison Family Trust and The Emily Waldrip Trust | Plaintiff | (Texas Bar No. 04057830) Kenneth B. Chaiken (Texas Bar No. 04057800) Greg S. Gober (Texas Bar No. 00785916) |
| HARRISON, TINA | Plaintiff | CHAIKEN & CHAIKEN, P.C. One Galleria Tower |
| HARRISON IV, W. G. | Plaintiff | 13355 Noel Road, Suite 600 Dallas, TX 75240 |
| ALLEN, KATHY | Plaintiff | Telephone: (214) 265-0250 |
| ALLEN, PAT | Plaintiff | |
| LUXENBERG, LARRY | Plaintiff | Attorneys for Plaintiffs |
| NOSSER, CINDY | Plaintiff | |
| SHELTON, JOHN | Plaintiff | |
| The Procter & Gamble Company | Defendant | Stephen Briley (Texas Bar No.*02993600*) BANNER, BRILEY & WHITE, L.L.P. 4245 Kemp Boulevard Bank One Tower, Suite 200 Wichita Falls, TX 76308 Telephone: (940) 692-5000 Telecopier: (940) 692-8200 |
| | | D. Jeffrey Ireland (Ohio Bar No. 0010443) Brian D. Wright (Ohio Bar No. 0075359) FARUKI IRELAND & COX P.L.L. 500 Courthouse Plaza, S.W. 10 North Ludlow Street Dayton, OH 45402 Telephone: (937) 227-3710 |
| Taft, Stettinius & Hollister LLP | Defendant | |
| Thomas E. Grossman | Defendant | |

5.    Unserved Parties:

| | |
|---|---|
| The Procter & Gamble Company | No service of process by Plaintiffs |
| Taft, Stettinius & Hollister LLP | No service of process by Plaintiffs |
| Thomas E. Grossman | No service of process by Plaintiffs |

7.    Claims of Parties:

| | |
|---|---|
| The Procter & Gamble Company | Tortious Interference |
| Taft, Stettinius & Hollister LLP | Negligence |
| Thomas E. Grossman | Negligence |

170546.1

S 44 (Rev  11/04)

# CIVIL COVER SHEET

7-06CV-121*R

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS (see attached) | DEFENDANTS (see attached) |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Wichita County, Texas (EXCEPT IN U S PLAINTIFF CASES) | County of Residence of First Listed Defendant   Hamilton, Ohio (IN U S  PLAINTIFF CASES ONLY) NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| (C) Attorney's (Firm Name  Address, and Telephone Number) (see attached) | Attorneys (If Known) (see attached) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U S  Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med  Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R  & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt  Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt  Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl Ret  Inc  Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer  w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer  w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S  Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332 (Diversity of Citizenship)

Brief description of cause
Tortious Interference and Negligence

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P  23

DEMAND $_____

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions)

JUDGE  U.S. District Court (Delaware)

DOCKET NUMBER  06-443

DATE
July    , 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|